PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANDRE JENKINS, ) | |
| ) | CASE NO. 1:19CV715 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| ARMOND BUDISH, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** [Resolving ECF Nos. 1, 3] |

*Pro se* Plaintiff Andre Jenkins filed this action under 42 U.S.C. § 1983 against Cuyahoga County Executive Armond Budish, Cuyahoga County Sheriff Clifford Pinkney, Cuyahoga County Jail Director Kenneth Mills, Cuyahoga County Jail Warden Eric Ivey, and Metro Health Medical Center Chief Jane Platten. ECF No. 1. Plaintiff alleges he was denied mental health treatment and was assaulted while he was being held in the Cuyahoga County Jail. He seeks monetary relief. For the reasons that follow, the Court dismisses Plaintiff's claims against all Defendants.

## I. Background[1]

On November 30, 2018, Plaintiff was allegedly denied mental health medication while being held in the Cuyahoga County Jail. ECF No. 1 at PageID #: 2. He claims he requested to

---

[1] Shortly after filing his original complaint, ECF No. 1, Plaintiff filed a letter requesting the Court's permission to "add an attached complaint" to his original complaint. ECF No. 3. He attaches a proposed complaint to his letter. ECF No. 3-1. The Court construes Plaintiff's letter as a motion for leave to file a supplemental complaint under Fed. R. Civ. P. 15(d). The motion is granted. ECF No. 3.

(1:19CV715)

speak with a mental health specialist, but the corrections officer repeatedly denied his request. *Id.* He states he began to "act out" due to his anxiety and post traumatic stress disorder. *Id.* He covered his cell window in toilet paper to gain the attention of jail personnel. *Id.* A corrections officer entered his cell, pushed him back, and pulled the toilet paper from the window. *Id.* at PageID #: 3. Plaintiff cut his finger during the incident and was escorted to the medical department for treatment. *Id.* He claims he notified a member of the medical department that he felt suicidal, but was denied treatment. *Id.* Plaintiff was then taken to segregation. *Id.* He alerted an officer that he still felt suicidal. *Id.* As a result, Plaintiff was placed on suicide watch for three days. *Id.* He indicates he did not receive counseling during this time. *Id.* After he was removed from suicide watch, Plaintiff returned to segregation and received a conduct report. *Id.*

Plaintiff alleges that when he served his time in segregation, he was assigned to unit 10-H, cell 6. *Id.* at PageID #: 4. He states that, because rain water on the roof ran into his cell, the cell had black mold. *Id.* Plaintiff claims he kept wiping the mold off with his hand, causing him to feel sick. *Id.* He contends the food trays "are infested with stagnant water" and the meals are nutritionally inadequate. *Id.* He also indicates the ventilation in the jail is not operating properly, leaving an odor of feces and urine. *Id.*

Additionally, Plaintiff claims that, for fifteen days, two prison nurses deprived him of his mental health medication. ECF No. 3-1 at PageID #: 20. He alleges that, after requesting to speak with a mental health expert, he was pepper-sprayed in the face, "jumped on," and held in a restraint chair for a total of four hours. *Id.* He claims that, as a result of the incident, he suffered pain in the back of his neck and lower left side. *Id.*

2

After this incident, Plaintiff claims he requested to be placed on suicide watch. *Id.* He alleges he was placed on suicide watch for eight days, but did not receive counseling or medication for his mental health issues. *Id.*

## II. Standard for Dismissal

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

(1:19CV715)

Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. Law and Analysis

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and

(1:19CV715)

unusual punishment prohibited by the Eighth Amendment.  Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  *Id.*  Seriousness is measured in response to "contemporary standards of decency."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice.  *Id.*  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.  *Id.* at 9.  Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence.  *Id.*  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff fails to establish the subjective element of his claims.  Deliberate indifference "entails something more than mere negligence."  *Id.* at 835.  An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm.  *Id.* at 837.  This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*  Plaintiff does not allege facts reasonably suggesting that the County Executive, the Sheriff, the Warden, or the Chief of Metro Health Medical Center were personally aware of his situation, that they drew the inference that his health was at risk, and disregarded that risk in their actions.  He cannot state a

5

(1:19CV715)

claim for relief against them in their individual capacities.

To the extent Plaintiff is bringing this action against these Defendants in their official capacities, he fails to state a claim upon which relief may be granted. A claim against a state or municipal officer in his official capacity is the equivalent of a claim asserted against the public entity that employs him. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As all of the named Defendants are officers or employees of Cuygahoga County, claims against them in their official capacities are asserted against Cuyahoga County.

Plaintiff cannot sue a local government entity under § 1983 on the theory of *respondeat superior* liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). A plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id*. A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id*. To state a claim for relief against a municipality under § 1983, Plaintiff must: (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). Plaintiff does not identify a particular policy or custom of Cuyahoga County, nor does he allege he suffered an injury that was caused by that policy. He has not asserted a plausible claim against the County.

### IV. Conclusion

Plaintiff's motion to supplement his complaint is granted. ECF No. 3. However, because

6

(1:19CV715)

Plaintiff has not stated a plausible claim for relief, Plaintiff's complaint is dismissed for failure to state a claim in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
|   July 31, 2019 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |